UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Sithipong Chanstapornkul, | Case No. 2:21-cv-01589-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Nevada Governor Stephen F. Sisolak, et al., | |
| Defendants. | |

This is a tax liability action arising from *pro se* Plaintiff Sithipong Chanstapornkul's allegations that Defendant Nevada Governor Stephen Sisolak and the Nevada Department of Taxation froze his assets in relation to an unpaid debt belonging to someone else.  Plaintiff sued Defendant for damages, alleging breach of contract.  Plaintiff has moved to receive all documents by mail (ECF No. 8), amend his civil cover sheet (ECF Nos. 9, 13), and extend time to serve the complaint (ECF No. 12).

Because the Court finds that Plaintiff is already receiving documents by mail, it denies his motion to receive all documents via mail as moot.  Because the Court finds that Plaintiff's amended civil cover sheets are incomplete, it denies both of his motions to amend.  Because the Court finds that Plaintiff is seeking to serve additional defendants without first seeking to amend the substance of his complaint to include them, it denies his motion to extend time for service. The Court finds these matters properly resolved without a hearing.  LR 78-1.

**I.**     **Discussion.**

   ***A.***     ***The Court denies Plaintiff's motion to receive documents by mail as moot.***

In Plaintiff's motion to receive all documents by mail, he explains that he did not receive any documents from Defendant.  (ECF No. 8).  He explains that he has limited access to the internet and requests that the Court and Defendant send him all documents by mail.  (*Id.*).

However, Plaintiff has no email address on file with the Court, meaning that all Court documents are already being mailed to his address.  Additionally, the only document that Defendant has filed in this case is his motion to dismiss.  (ECF No. 6).  Plaintiff appears to have received this motion because he has responded to it.  (ECF No. 10).  To the extent Plaintiff is not receiving documents from Defendant by mail, Plaintiff should address the issue with Defendant's counsel.  Because the Plaintiff is already receiving Court documents by mail, the Court denies his motion as moot.

### B. *The Court denies Plaintiff's motions to amend his civil cover sheet.*

Plaintiff has filed two motions to amend his civil cover sheet, also attaching proposed amended civil cover sheets to each.  (ECF Nos. 9, 13).  In his first motion, Plaintiff explains that he is seeking to fix a computer error on his first civil cover sheet.  (ECF No. 9).  In his second motion, Plaintiff explains that he is seeking to add additional defendants.  (ECF No. 13).  The Court denies Plaintiff's first motion to amend because his second motion supersedes it.  The Court notes that Plaintiff's second motion appears to be a motion to amend.  However, while Plaintiff has checked the box indicating that he is asserting federal question jurisdiction, his existing complaint does not identify the statute which conveys that jurisdiction.  (ECF No. 1).  Plaintiff has not attached an amended complaint explaining the basis of his claims against the additional defendants or for the Court's jurisdiction.  The Court thus denies Plaintiff's motions to amend his civil cover sheet.  To the extent Plaintiff is seeking to amend his complaint, he should follow Local Rule 15-1 and Federal Rule of Civil Procedure 15.

### C. *The Court denies Plaintiff's motion to extend the time for service.*

Plaintiff appears to be seeking additional time to serve new defendants in his motion for extension of time.  (ECF No. 12).  However, Plaintiff must first amend his complaint to include these defendants before he can serve them.  *See* Fed. R. Civ. P. 4(b) (providing that the plaintiff may only present a summons to the clerk for signature and seal "on or after filing the complaint").  Plaintiff must first move to amend his complaint or seek Defendant's consent.  *See* Fed. R. Civ. P. 15(a)(1)-(2) (providing that, if a plaintiff does not amend his pleading within twenty-one days after serving it, the plaintiff may amend only with "the opposing party's written consent or the court's leave.").  The Court thus denies Plaintiff's motion to extend as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to receive all documents by mail (ECF No. 8) is **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's motions to amend his civil cover sheet (ECF Nos. 9, 13) are **denied with leave to amend**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend time (ECF No. 12) is **denied as moot.**

DATED: January 10, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE