UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SITHIPONG CHANSTAPORNKUL,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>NEVADA GOVERNOR STEPHEN F. SISOLAK,<br><br>　　　　　　　　　　　　Defendant. | Case No. 2:21-cv-01589-ART-DJA<br><br>**Order Granting Motion to Dismiss and Denying Motion for Summary Judgment** |

This is an action regarding an allegedly improperly levied tax debt by the State of Nevada. Before the Court is Defendant Governor Stephen F. Sisolak's Motion to Dismiss (ECF No. 6), and Plaintiff Sithipong Chanstapornkul's Motion for Summary Judgment (ECF No. 16) and Continuance to Summary Judgment (ECF No. 20). For the reasons stated below, this Court grants Defendant's Motion to Dismiss and denies Plaintiff's motions as moot.

**I. BACKGROUND**

Plaintiff Sithipong Chanstapornkul filed this lawsuit against Nevada Governor Stephen F. Sisolak ("the Governor") contending the Governor—though the Nevada Department of Taxation—incorrectly associated an additional Nevada Tax ID with Chanstapornkul via a restaurant he previously owned—Thai Taste— and sought to hold Chanstapornkul liable for the tax debts of another person. (ECF No. 1 at 7). Specifically, Chanstapornkul acknowledges that he agreed to pay a tax debt of $12,447.45 associated with Tax ID 1001153006 (the "006 Tax ID") (ECF No. 1 at 1), but alleges that the Governor falsely levied a second tax debt of $43,249.36 against him associated with Tax ID 1036011798 (the "798 Tax ID") (ECF No. 1 at 2) under the business name "Charuwan." (ECF No. 1 at 19). Chanstapornkul argues that this second debt associated with Tax ID 798 is

1

the debt of another person, namely, Charuwan Chanmanee, because "Plaintiff only has one Taxpayer ID: 101153006." (ECF No. 1 at 3). Chanstapornkul further alleges that, as a result of being associated with Tax ID 798 and its debt, his proposed sale of a condominium failed after the State of Nevada placed a lien on it for the outstanding debt and claims the amount of the lost sale—$130,000—as damages. (ECF No. 1 at 3).

The Governor moved to dismiss, arguing that Chanstapornkul failed to properly effectuate service, failed to name the correct party, and that this Court does not have subject matter jurisdiction over this action due to the Tax Injunction Act ("TIA") and the presence of a plain, speedy, and efficient remedy in Nevada state court. (ECF No. 6 at 3-7). In his response to the Governor's Motion to Dismiss, Chanstapornkul argues that this Court has subject matter jurisdiction over this case under the Federal Tort Claims Act ("FTCA") because, he alleges, the debt associated with the 798 Tax ID associated with another person—Charuwan Chanmanee—is fraudulent, Defendant was allegedly negligent in not responding to Chanstapornkul's repeated mailings, and Defendant garnished Chanstapornkul's bank account without due process. (ECF No. 10 at 3).

**II. ANALYSIS**

Even if Chanstapornkul is correct that he is wrongly being held liable for the tax debt of the person who purchased Thai Taste, Congress has deprived this Court of jurisdiction over his claims via the TIA, and the FTCA is not applicable because Chanstapornkul makes no claims against the *federal* government or a *federal* employee.

**A. Legal Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Although the defendant is the moving party in a motion to dismiss brought under Rule

12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *See McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Plaintiff's burden is subject to a preponderance of the evidence standard. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Federal courts are courts of limited jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Because subject matter jurisdiction goes to the power of the court to hear a case, it is a threshold issue and may be raised at any time and by any party." *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004) (citing Fed. R. Civ. P. 12(b)(1)).

Here, the Governor brings a facial attack on the Court's alleged subject matter jurisdiction. When a facial attack is made under Rule 12(b)(1), the "challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Governor argues that regardless of the truthfulness of Chanstapornkul's allegations that he is not responsible for the debts associated with the 798 Tax ID, this Court has no jurisdiction to hear his claim under the Tax Injunction Act. Therefore, the Governor's attack is facial. Accordingly, this Court must construe Chanstapornkul's allegations in the light most favorable to him. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003).

**B. The Tax Injunction Act Deprives this Court of Jurisdiction to Hear Chanstapornkul's Claims**

The TIA provides that "district courts shall not enjoin, suspend or restrain the

assessment, levy, or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "It is plain from this language that the Tax Injunction Act prohibits a federal district court, in most circumstances, from issuing an injunction enjoining the collection of state taxes." *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982). "[B]ecause Congress' intent in enacting the Tax Injunction Act was to prevent federal-court interference with the assessment and collection of state taxes" this Court only has jurisdiction if Chanstapornkul has no "plain, speedy and efficient remedy" in Nevada state court. *Id.* at 411. The TIA therefore deprives this Court of subject matter jurisdiction if: (1) the case involves a "tax" within the meaning the TIA; (2) Chanstapornkul seeks to "enjoin, suspend or restrain the assessment, levy or collection" of the tax; and (3) a "plain, speedy and efficient remedy may be had" in Nevada state court. *See* 28 U.S.C. § 1341; *see also Direct Mktg. Ass'n v. Brohl*, 135 S. Ct. 1124, 1128-33 (2015); *May Trucking Co. v. Oregon Dep't of Transp.*, 388 F.3d 1261, 1270 (9th Cir. 2004).

**1. The case involves a tax within the meaning of the TIA**

The root of this case is a debt levied against the 798 Tax ID by the Nevada Department of Taxation for "sales & use tax and/or a modified business tax audit liability." (ECF No. 10 at 32). "The classic 'tax' is imposed by a legislature upon many, or all, citizens. It raises money, contribute[s] to a general fund and [is] spent for the benefit of the entire community." *Bidart Bros. v. California Apple Com'n,* 73 F.3d 925, 930 (9th Cir. 1996) (quoting *San Juan Cellular Telephone Co. v. Pub. Serv. Comm'n of Puerto Rico,* 967 F.2d 683, 685 (1st Cir. 1992)). Nevada's sales and use taxes are imposed by NRS 372.105, *et seq.* and NRS 372.185, *et seq.* These sales and use taxes are "imposed on all retailers" "for the privilege of selling tangible personal property at retail." NRS 372.105. And, Nevada's Department of Taxation is required to "deposit the payments in the State Treasury to the credit of the Sales and Use Tax Account in the State General

Fund." NRS 372.780. Because Nevada's sales and use tax is imposed on all retailers, contributes to a general fund, and is spent for the benefit of Nevadans generally, it is an example of a "classic tax" that falls squarely within the TIA.

**2. Chanstapornkul seeks to restrain the levy or collection of the tax**

In his Complaint, Chanstapornkul claims that the Governor breached his agreement to pay Chanstapornkul's acknowledged tax debt of $12,447.45 connected with the 006 Tax ID in installments because the Governor—through Nevada's Department of Taxation—made Chanstapornkul liable for the $43,249.36 tax debt associated with the 798 Tax ID. (ECF No. 1 at 1, 7). Chanstapornkul contends that the 798 Tax ID is "fake" and that the imposition of the debt upon him is fraudulent. (ECF No. 10 at 7). Therefore, Chanstapornkul argues, this case is "not about taxes" but about an alleged breach of an agreement between Chanstapornkul and the Governor to pay the $12,447.45 connected with the 006 Tax ID. (ECF No. 10 at 7-8).

Contrary to Chanstapornkul's assertions, however, any relief this Court would grant would necessarily "restrain the levy or collection" of the sales and use taxes. Notably, when applicable, the TIA prohibits both declaratory and injunctive relief. *Grace Brethren Church*, 457 U.S. at 408. Even if this Court adopted Chanstapornkul's creative legal theory—which it does not—to grant Chanstapornkul his requested damages would require this Court to, at a minimum, find that Chanstapornkul is not responsible for the debt associated with the 798 Tax ID. This would inherently restrain the State of Nevada's ability to collect that debt. Therefore, this Court finds that Chanstapornkul seeks to "enjoin, suspend or restrain the assessment, levy or collection" of the tax. 28 U.S.C. § 1341.

**3. Nevada state courts provide a plain, speedy and efficient remedy**

Given that this case involves a "tax" within the meaning of the TIA and Chanstapornkul seeks to restrain Nevada's ability to collect that tax, the TIA

5

divests this Court of jurisdiction to hear Chanstapornkul's claim unless there is no "plain, speedy and efficient" remedy in state court. 28 U.S.C. § 1341. The Supreme Court has instructed federal courts to "construe narrowly [this] exception to the [Act]." *Grace Brethren Church*, 457 U.S. at 413. A state court's remedy must only meet "certain minimal *procedural* criteria." *Lowe v. Washoe Cty.*, 627 F.3d 1151, 1155 (9th Cir. 2010) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512 (1981)). "The state court remedy need not be 'the best remedy available or even better than the remedy which might be available in the federal courts.'" *Id.* (quoting *Mandel v. Hutchinson*, 494 F.2d 364, 367 (9th Cir. 1974)).

The Nevada state court remedy is plain. "For a remedy to be 'plain,' the procedures available in state court must be certain." *Id.* at 1156. A state remedy "is not plain within the meaning of the [Act] . . . 'if there is uncertainty regarding its availability or effect.'" *Direct Mktg. Ass'n v. Bennett*, 916 F.2d 1451, 1453 (9th Cir. 1990) (quoting *Ashton v. Cory*, 780 F.2d 816, 819 (9th Cir. 1986). Nevada provides administrative procedures for contested tax determinations that culminate in review by a state district court. *See* NRS 360.360, 360.390, 360.395, 372.680. The Nevada Taxpayer Bill of Rights provides a right "to the immediate release of any lien which the Department has placed on real or personal property for the nonpayment of any tax when . . . (3) The lien is the result of an error by the Department . . . ." NRS 360.291(1)(k). The Governor admits that "[g]iven this section, Plaintiff here can file a writ in State courts raising the claims contained in the Complaint." (ECF No. 6 at 8). While Chanstapornkul attests that he attempted to contact the Department of Taxation at least ten times regarding the allegedly incorrect tax debt associated with the 798 Tax ID, these attestations are not sufficient to demonstrate the state *court* remedy which the TIA requires this Court to consider is not plain or certain. (ECF No. 10 at 3). For these reasons, this Court finds that the Nevada state court remedies are plain under the TIA.

The Supreme Court has found that a two-year delay in state court

adjudication of a tax-related claim satisfies the "speedy" requirement of the Tax Injunction Act. *Rosewell* 450 U.S. at 519-20 ("Speedy" is perforce a relative concept, and we must assess the 2-year delay against the usual time for similar litigation." "Limiting ourselves to the circumstances of the instant case, we cannot say that respondent's 2-year delay falls outside the boundary of a 'speedy' remedy."). Here, Chanstapornkul has pled no facts regarding delays in Nevada's administrative and/or state court procedures for contesting state tax assessments. Therefore, this Court finds that the available state court remedies are speedy under the TIA.

The "efficiency" of a state-court may be called into question if it imposes an "unusual hardship on [the party challenging the state tax] requiring ineffectual activity or an unnecessary expenditure of time or energy." *Rosewell*, 450 U.S. at 518. Here, Chanstapornkul has pled no facts that either the administrative or state court remedies discussed above impose an "unusual hardship" because he neither engaged with the administrative process for appealing the tax debt nor did he file a lawsuit in state court under the Nevada Taxpayer Bill of Rights on the theory that the Department of Taxation knew that owner of Thai Taste had changed, that Chanstapornkul was not responsible for the tax debt of the subsequent owner and, therefore, that the lien was "the result of an error by the Department" under NRS 360.291(1)(k). Because Chanstapornkul has not pled facts that the available remedies cause an "unusual hardship" this Court finds that the available state court remedies are efficient under the TIA.

**C. Chanstapornkul's Suit Does Not Lie Under the Federal Tort Claims Act**

Under the FTCA, 28 U.S.C. §§ 2671-2680, individuals who are injured or whose property is damaged by the wrongful or negligent act of a federal employee acting within his or her official duties may file a claim with the government for reimbursement for that injury or damage. *See also* § 1346(b).  Federal courts have jurisdiction under the FTCA if the claim is "actionable under § 1346(b)."

7

*Brownback v. King*, 141 S. Ct. 740, 746 (2021) quoting *FDIC v. Meyer*, 510 U.S. 471, 475-76 (1994). "A claim is actionable if it alleges the six elements of § 1346(b) which are that the claim be: '[1] against the United States, [2] for money damages, … [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id.*

Because Chanstapornkul's claims fail the first element, this Court therefore does not reach the remaining elements. Chanstapornkul's suit lies against the Governor of Nevada and—read liberally—its Department of Taxation. *See generally* ECF No. 1. Chanstapornkul makes no claim against the United States or its employees. Therefore, his claim is not "actionable under § 1346(b)" and this Court does not have jurisdiction under the FTCA.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

### III. CONCLUSION

This Court holds that it lacks jurisdiction to hear Chanstapornkul's claims due to the Tax Injunction Act and that the Federal Tort Claims Act does not apply because Chanstapornkul is not suing the United States. Therefore:

IT IS ORDERED THAT Defendant's Motion to Dismiss (ECF No. 6) is GRANTED. All of Plaintiff's claims against Defendant are dismissed without prejudice.

IT IS FURTHER ORDERED THAT Plaintiff's Motion for Summary Judgment (ECF No. 16) Continuance to Summary Judgment (ECF No. 20) and "Update" (ECF No. 21) are DENIED as moot.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED THIS 26th day of September 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE